62862. HARGRAVES v. TURNER et al.

McMURRAY, Presiding Judge.

This is a medical malpractice case in which the plaintiff sought the services of the defendant, a chiropractor, for treatment of an injury to her lower back. She contends that during the course of treatment or treatments she sustained an injury to her neck either intentionally, recklessly or negligently inflicted by the defendant. The husband of the plaintiff in the same action seeks to recover damages for loss of consortium.

The defendant answered, inter alia, denying the claim.

After discovery the defendant moved for summary judgment basing same upon his own affidavit in the chiropractic field, contesting her claim that she sought services for injury to her lower back and deposed that her primary complaints "related to pain between her scapula and to her neck." He then deposed that based upon his personal knowledge of her condition that the patient did not

sustain an injury to her neck as a result of chiropractic care rendered by him and that all of his actions in diagnosing and treating the patient "in all respects conformed with the standard of care prevalent in the chiropractic profession generally under the same conditions and like surrounding circumstances."

In opposing the motion, however, the plaintiffs offered the affidavit of a medical doctor setting forth his medical expertise, experience and training, that he examined the plaintiff patient on April 23, 1979, after she had been seen and treated by the defendant in which she complained of pain in her neck following the "adjustment" given by the defendant wherein she had initially sought treatment from the defendant for an injury to her lower back. He then deposed that after examination of the patient he "determined that she did indeed have an acute cervical sprain that would have been consistent with and may have resulted from the treatment given by the Defendant," setting forth his opinion that the mode of treatment "would not conform with the standards of care required." The plaintiff patient also set forth by affidavit the facts and circumstances surrounding the treatment of her by the defendant resulting in the injury to her neck. There is also in the record an affidavit of counsel for the defendant wherein he set forth that the motion for summary judgment was set down for hearing on May 8, 1981, and at the close of business at 5:00 p.m. on May 7, 1981, he "was not served with any counter affidavit filed on behalf of Plaintiffs, in response to Defendant's motion for Summary Judgment." After a hearing the trial court denied the motion for summary judgment holding that there is a genuine issue as to one or more material facts and the defendant is not entitled to a judgment as a matter of law. Defendant appeals. *Held:*

An order granting summary judgment as to any issue or as to any party shall be subject to review by direct appeal, but an order denying summary judgment shall be subject to review by direct appeal *only* in accordance with the provisions of Code Ann. § 6-701 (a) 2 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758; 1979, pp. 619, 620). See Code Ann. § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759). Here the defendant obtained a certificate for immediate review from the trial judge within 10 days of the denial of his motion for summary judgment in accordance with Code Ann. § 6-701 (a) 2, supra. However, the defendant *failed* to apply to and obtain an order from this court granting an appeal. It is, therefore, premature. See *Bank of Commerce v. Williams,* 138 Ga. App. 666 (227 SE2d 95); *Dein v. Citizens Jewelry Co.,* 145 Ga. App. 118 (243 SE2d 286).

*Appeal dismissed. Quillian, C. J., and Pope, J., concur.*

Decided January 5, 1982.

*Robert John White,* for appellant.
*Joseph H. Fowler,* for appellees.