# Court of Appeals
# of the State of Georgia

ATLANTA,   October 06, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0365. KENNETH MCPHERSON v. THE STATE.**

Kenneth F. McPherson was charged with three counts of child molestation and one count of sexual exploitation of a minor.  McPherson filed a motion to suppress all evidence obtained during the execution of two search warrants.  After a hearing, the trial court denied the motion to suppress.  However, on March 3, 2016, the trial court subsequently vacated its order and granted the motion.  On March 4, 2016, the State filed a notice of appeal, and thereafter McPherson filed a cross-appeal.[1] Nevertheless, on March 10, 2016, the trial court entered its "Second Order Denying Motion to Suppress."  The trial court certified this order for immediate review, and McPherson filed both an application for interlocutory appeal and a direct appeal. We dismissed the application as superfluous. The direct appeal is superfluous as well.

After the trial court entered its order granting the motion to suppress, the State filed a timely notice of appeal.  See OCGA § 5-7-1 (a) (5).  The notice of appeal divested the trial court of jurisdiction to enter a new order on the issue of suppression. See *Pruitt v. State,* 282 Ga. 30,  35 (5) (644 S.E.2d 837) (2007); *Peterson v. State*, 274 Ga. 165, 171 (6) (549 SE2d 387) (2001).  Therefore, the second order entered by the trial court denying the motion to suppress is a nullity.  *Peterson*, supra.  The State's appeal of the trial court's order granting the motion to suppress remains pending, and McPherson has already filed a notice of cross-appeal from that valid

---

[1] Both cases have been docketed in this Court.

order.  Accordingly, this appeal is superfluous, and it is therefore DISMISSED.[2]



*Court of Appeals of the State of Georgia*
   *Clerk's Office,*
*Atlanta,*  10/06/2016
   I certify that the above is a true extract from
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

       *Stephen E. Castlen*
_____ , *Clerk.*

---

[2] We note that, while the second order denying the motion to suppress is a nullity, the denial of a motion to suppress is an interlocutory order that requires compliance with the interlocutory appeal procedure.  See *Genter v. State*, 218 Ga. App. 311 (460 SE2d 879) (1995); *Hargraves v. Turner*, 160 Ga. App. 807, 808 (287 SE2d 664) (1982).